FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 22, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TINA V., | NO: 1:19-CV-3127-FVS |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 9 and 10. This matter was submitted for consideration without oral argument. The Plaintiff is represented by Attorney Victoria B. Chhagan. The Defendant is represented by Special Assistant United States Attorney Jacob Phillips. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **GRANTS** Defendant's Motion for Summary Judgment, ECF No. 10, and **DENIES** Plaintiff's Motion for Summary Judgment, ECF No. 9.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

1

## JURISDICTION

2      Plaintiff Tina V.[1] filed for supplemental security income and disability

3  insurance benefits on November 13, 2015, alleging an onset date of July 1, 2015.

4  Tr. 229-41.  Benefits were denied initially, Tr. 150-57, and upon reconsideration, Tr.

5  160-72.  A hearing before an administrative law judge ("ALJ") was conducted on

6  October 10, 2017.  Tr. 46-97.  Plaintiff was represented by counsel and testified at

7  the hearing.  *Id*.  The ALJ denied benefits, Tr. 12-35, and the Appeals Council

8  denied review.  Tr. 1.  The matter is now before this Court pursuant to 42 U.S.C. §§

9  405(g); 1383(c)(3).

10

## BACKGROUND

11      The facts of the case are set forth in the administrative hearing and transcripts,

12  the ALJ's decision, and the briefs of Plaintiff and the Commissioner.  Only the most

13  pertinent facts are summarized here.

14      Plaintiff was 51 years old at the time of the hearing.  Tr. 53.  She obtained her

15  GED.  *See* Tr. 258.  She lives with her "almost ex-husband" and her teenage son.

16  Tr. 53.  Plaintiff has work history as a bartender, mortgage loan officer, and

17  waitress.  Tr. 84, 258.  She testified that she cannot work because she cannot use her

18

19  [1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first

20  name and last initial, and, subsequently, Plaintiff's first name only, throughout this

21  decision.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

right wrist and drops things all the time, she cannot stand for more than an hour and sometimes for no more than ten minutes, she cannot sit for "certain amounts of time," she gets emotional for no reason, and she has trouble concentrating. Tr. 68, 80.

Plaintiff testified that she had left carpal tunnel surgery in 2016 and considers that surgery to have been a success; and she recently had a cyst removed on her right wrist but she still has a lot of pain. Tr. 57-61. She reported that once her back starts hurting she has to lay down flat, and on a "bad day" the bottom of her feet hurt so badly that she cannot walk, and can "barely get to the bathroom." Tr. 71-73. Plaintiff testified that she drops things due to weakness in her hands, cannot pick up a gallon of milk and pour it with her right hand, and can only type for five minutes. Tr. 75, 78-79.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).

In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 1, 2015, the alleged onset date.  Tr. 18.  At step two, the ALJ found that Plaintiff has the following severe impairments: lumbar impairment; carpal tunnel syndrome; sleep disorder; depressive disorder; anxiety disorder; and borderline personality disorder.  Tr. 18.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 20.  The ALJ then found that Plaintiff has the RFC

to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with the following additional limitations: sit/stand at will while maintaining productivity; occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs; never balance or climb ladders, ropes, or scaffolds; frequently handle and finger with the upper extremities; the claimant can perform unskilled work, defined as routine and repetitive tasks in two hour increments; off-task 5% of the time but still meet minimum production requirements; absent from work one day every three months; cannot work at heights; cannot drive; no working close proximity to hazardous conditions.

Tr. 22.  At step four, the ALJ found that Plaintiff is unable to perform any past relevant work.  Tr. 28.  At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: office helper and inspector/hand packager.  Tr. 29-30.  On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from July 1, 2015, through the date of this decision.  Tr. 30.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 9.  Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered Plaintiff's symptom claims; and

2. Whether the ALJ properly considered the medical opinion evidence.

/ / /

/ / /

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

# DISCUSSION

## A. Plaintiff's Symptom Claims

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).  "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted).  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.").  "The clear

1  and convincing [evidence] standard is the most demanding required in Social

2  Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting

3  *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

4       Here, the ALJ found Plaintiff's medically determinable impairments could

5  reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's

6  "statements concerning the intensity, persistence and limiting effects of these

7  symptoms are not entirely consistent with the medical evidence and other evidence in

8  the record" for several reasons.  Tr. 23.

9                    *1.  Lack of Objective Medical Evidence*

10      First, the ALJ found the objective medical evidence "does not substantiate"

11 Plaintiff's allegations of disabling physical and mental health limitations.  Tr. 23-27.

12 An ALJ may not discredit a claimant's pain testimony and deny benefits solely

13 because the degree of pain alleged is not supported by objective medical evidence.

14 *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947

15 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).

16 However, the medical evidence is a relevant factor in determining the severity of a

17 claimant's pain and its disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. §

18 404.1529(c)(2).

19      Here, the ALJ set out the medical evidence contradicting Plaintiff's claims of

20 disabling physical and mental limitations.  First, as to her alleged carpal tunnel

21 syndrome, while the ALJ acknowledged that in 2016 Plaintiff underwent left carpal

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

tunnel release and had a mass removed on the dorsum of her right wrist that was "thought to represent hypertrophic tenosynovium," the ALJ also noted that Plaintiff regularly presented in no distress, maintained full range of motion of the wrists and upper extremities, had normal grip strength and 5/5 manual muscle testing, normal muscle stretch reflexes, and negative Tinel's and Phalen's signs.  Tr. 24 (citing Tr. 333, 355, 370, 391, 435, 455, 506, 550, 706, 721, 733, 740, 745, 748, 799).  Even after surgery, Plaintiff reported minimal pain and normal range of motion in her left wrist and fingers, and examinations showed that her finger strength and wrist range of motion was only slightly more limited on the right than left.  Tr. 24 (citing Tr. 721-22 (also reporting that she was "over-doing it at home and working with the hand quite a bit"), 740).

Further, as to Plaintiff's alleged lumbar spine condition, the ALJ noted that Plaintiff complained of lower back pain, and numbness and tingling in her lower extremities; she reported swelling in her ankles and toes; and in 2017 Plaintiff was diagnosed as "likely" having lumbar stenosis based on EMG test findings that Plaintiff's right tibial motor, left superficial peroneal sensory, and right superficial peroneal sensory nerves showed reduced amplitude.  Tr. 24, 798-804.  However, the ALJ found that despite these findings, the physical examination portion of the 2017 electrodiagnostic report also found normal sensation to light touch in Plaintiff's lower extremities and full strength, which "is consistent with the regularly normal neurological and neurovascular clinical findings" throughout the longitudinal record,

including no evidence of deep or superficial venous thrombosis; normal range of motion of the spine; normal upper and lower extremity findings; minimal tenderness with direct palpation of the lumbar spine; benign imaging in 2015; normal straight leg testing results; normal strength and tone; no instability, subluxation or laxity; and normal gait.  Tr. 24-25 (citing Tr. 366, 445-46, 494, 496, 500, 506, 550-51, 575, 609, 627, 630, 655, 673, 676, 686, 714, 721, 745, 748, 763, 801).

Finally, as to her alleged mental health impairments, the ALJ noted that despite Plaintiff's subjective reports of depression and concentration difficulties, the "objective mental status findings of record, in contrast, were regularly normal, and documented normal memory, mood and affect, alertness and orientation." Tr. 25-26 (citing Tr. 356, 402, 454, 466, 495, 501, 561-62, 687, 695, 697-98, 706, 751-52, 801). The ALJ concluded that this evidence "does not substantiate [Plaintiff's] allegations of disabling limitations." Tr. 25.

Plaintiff argues that she "had ongoing symptoms and functional limitations attributable to properly diagnosed medical/mental impairments with objective findings throughout the relevant period." ECF No. 9 at 14.  In support of this argument, Plaintiff offers a "medical summary document[ing] the ongoing nature of [Plaintiff's] medical conditions," including evidence from the relevant adjudicatory period that Plaintiff had positive Tinel's and Phalen's signs on the left in November 2015 and May 2016; was started on medication for anxiety and depression in March 2016; began physical therapy for back pain in 2016 but indicated it did not relieve her

1   pain; went to the ER for neck and back pain in March 2016 but left without being

2   seen because she was "tired of waiting"; had left carpal tunnel release surgery in June

3   2016 and right wrist surgery to remove a cyst in August 2016; was diagnosed with

4   borderline personality traits, moderate depression, and mild anxiety in October 2016;

5   was noted to have poor fund of knowledge and fair concentration, but normal

6   findings otherwise, in August 2017; and underwent an electromyogram (EMG) in

7   October 2017 which resulted in an assessment of lumbar stenosis, along with normal

8   neurological findings.  ECF No. 9 at 8-14 (citing Tr. Tr. 445-46, 565-76, 559, 653,

9   692-93, 706, 711-12, 724, 757, 794, 799-803).

10         As an initial matter, the Court notes that the "mere diagnosis of an impairment

11  . . . is not sufficient to sustain a finding of disability." *Kay v. Heckler*, 754 F.2d 1545,

12  1549 (9th Cir. 1985).  Moreover, despite Plaintiff's argument to the contrary, the ALJ

13  specifically considered Plaintiff's claimed carpal tunnel, lumbar spine, and mental

14  health impairments; and regardless of evidence that could be considered favorable to

15  Plaintiff, it was reasonable for the ALJ to find the severity of Plaintiff's mental and

16  physical symptom claims was inconsistent with benign objective and clinical findings

17  across the longitudinal record.  Tr. 21-25.  "[W]here evidence is susceptible to more

18  than one rational interpretation, it is the [Commissioner's] conclusion that must be

19  upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  The lack of

20  corroboration of Plaintiff's claimed limitations by the objective medical evidence was

21  a clear and convincing reason for the ALJ to discount Plaintiff's symptom claims.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

*2. Daily Activities*

Second, the ALJ found that Plaintiff's "report of activities is not entirely consistent with testimony." Tr. 26. A claimant need not be utterly incapacitated in order to be eligible for benefits. *Fair*, 885 F.2d at 603; *see also Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("the mere fact that a plaintiff has carried on certain activities . . . does not in any way detract from her credibility as to her overall disability."). Regardless, even where daily activities "suggest some difficulty functioning, they may be grounds for discrediting the [Plaintiff's] testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113.

In support of this finding, the ALJ noted that despite Plaintiff's allegations that she could not lift a gallon of milk with her right hand, could not type for more than five minutes, sometimes needed help getting out of bed, and on a bad day can barely walk to the bathroom due to foot pain, Plaintiff also reported repeatedly that she was able to attend to all personal daily activities without assistance. Tr. 23, 26, 73, 77-79, 756, 791. These activities included shopping for food, preparing meals, doing laundry, assisting with chores, maintaining personal hygiene, making plans independently of others, driving herself for transportation, walking 20 minutes several times a week, and making jewelry for a hobby. Tr. 21, 26-27, 54-55, 82, 450, 496, 556, 687, 755, 790-91.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14

1   Plaintiff generally argues that this finding was improper because Plaintiff

2   testified that she had difficulty performing household chores, and "tried to get as

3   much done as fast as she could, but once she started hurting she had to lie down."

4   ECF No. 9 at 15.  However, the Court finds it was reasonable for the ALJ to conclude

5   that Plaintiff's documented activities, including driving and taking care of all her

6   personal daily activities without assistance, was inconsistent with her allegations of

7   debilitating functional limitations.  *Molina*, 674 F.3d at 1113 (Plaintiff's activities

8   may be grounds for discrediting Plaintiff's testimony to the extent that they contradict

9   claims of a totally debilitating impairment).  This was a clear and convincing reason

10  to discredit Plaintiff's symptom claims.

11              *3.  Inconsistencies*

12  Next, the ALJ cited "inconsistent reports" by Plaintiff as a reason to discount

13  her symptom claims.  Tr. 26-27.  In evaluating the severity of Plaintiff's symptoms,

14  the ALJ may consider inconsistencies in Plaintiff's statements, and between her

15  testimony and her conduct.  *See Thomas*, 278 F.3d at 958-59; *Tommasetti*, 533 F.3d

16  at 1039 (prior inconsistent statements may be considered).  First, the ALJ noted that

17  Plaintiff testified that she "stopped working in her last job due to her carpal tunnel

18  syndrome and other impairments," but in September 2015 Plaintiff told a medical

19  provider that she was fired because she overslept after her son turned off her alarm

20  clock, and she subsequently reported that she was fired from a waitressing job

21  because of a "bad boss."  Tr. 26, 74, 450, 561.  An ALJ may consider that a claimant

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

stopped working for reasons unrelated to the allegedly disabling condition when

weighing the Plaintiff's symptom reports.  *Bruton v. Massanari*, 268 F.3d 824, 828

(9th Cir. 2001).

Second, the ALJ noted that Plaintiff testified that she "discontinued her

medication because it was ineffective, but this is inconsistent with her self-reports

throughout the record.  Contrary to her testimony, [Plaintiff] reported improved mood

and symptoms with medication and counseling."  Tr. 26, 64, 466, 468, 751-53.  Thus,

the ALJ reasonably concluded that Plaintiff's "mental symptoms and limitations were

not as chronic or severe as alleged."  Tr. 26.  Finally, the ALJ noted that Plaintiff

reported to her treatment provider that her hobby was jewelry making, "which

requires handling and fine motor skills."  Tr. 26, 557.  The Court also notes that

Plaintiff testified that when she cannot sleep at night because she is "upset about

things," she gets up to "color or just do anything."  Tr. 56.  These reports are

inconsistent with her testimony that she had weakness in her hands and constantly

drops "everything."  Tr. 75.

Plaintiff briefly argues that the ALJ improperly rejected Plaintiff's symptom

claims based on "alleged inconsistencies" because (1) the reference to Plaintiff's

jewelry-making does not "state what this entails or how often she currently made

jewelry, if at all"; and (2) it was "not unreasonable for a person to have multiple

reasons for leaving a job."  ECF No. 9 at 15-16.  However, based on the foregoing

evidence, the Court finds it was reasonable for the ALJ to rely on multiple

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 16

1  inconsistencies as a reason to discount Plaintiff's symptom claims. *See Burch*, 400

2  F.3d at 679 (where evidence is susceptible to more than one interpretation, the ALJ's

3  conclusion must be upheld).

4  *4. Additional Reasons*

5  Defendant argues that Plaintiff failed to challenge all of the ALJ's reasons for

6  rejecting Plaintiff's symptom claims, and has therefore waived her opportunity to

7  challenge those reasons.  ECF No. 10 at 3-5.  The Court may decline to address

8  issues not raised with specificity in Plaintiff's opening brief.  *Carmickle v. Comm'r of*

9  *Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *see also Kim v. Kang*, 154

10  F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not

11  "specifically and distinctly argued" in the party's opening brief).  Despite Plaintiff's

12  waiver, the Court will briefly review the two additional reasons arguably given by the

13  ALJ to discount Plaintiff's symptom claims.

14  First, the ALJ noted that Plaintiff reported "doing well after left carpal tunnel

15  surgery and right dorsal hand mass resection, and that her pain was minimal.  She

16  indicated that her range of motion was back to normal in the left wrist and fingers,

17  and she denied numbness or tingling."  Tr. 24, 711.  The ALJ also noted that

18  examinations post-surgery showed her finger strength and wrist range of motion was

19  only slightly more limited on the right than the left; and Plaintiff reported "over-

20  doing it at home and working with the hand quite a bit."  Tr. 24, 721-22, 740.

21  Moreover, as discussed above, Plaintiff reported improvement in mood and mental

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 17

health symptoms with medication and counseling.  Tr. 26.  A favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations.  *See Tommasetti*, 533 F.3d at 1040; *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (Conditions effectively controlled with medication are not disabling for purposes of determining eligibility for benefits).

Second, as to her lumbar spine condition, the ALJ found that "[i]nconsistent with [Plaintiff's] report of severe back and lower extremity pain that regularly prevented her from getting out of bed, [Plaintiff] received very conservative medication management and physical therapy, and she reported that her symptoms were relieved with manual traction.  In fact, [Plaintiff's] provider indicated that she did not think that [Plaintiff's] back symptoms would prevent her from working."  Tr. 25, 474, 562, 656, 747-48.  In her reply brief,[2] Plaintiff argues that Defendant "does

---

[2] In her reply brief, Plaintiff additionally contends that the ALJ failed to consider "barriers to treatment," however, the only evidence from the relevant adjudicatory period cited by Plaintiff to support this argument in relation to Plaintiff's alleged back pain is the lack of MRI results in the record.  ECF No. 11 at 6.  The Court declines to find the decision of Plaintiff's treatment providers to not order an MRI, without more evidence as to why the test was not ordered, was a "barrier to treatment" such that it should have been considered by the ALJ as part of the conservative treatment finding.

not point to any medical opinion indicating that some other, more aggressive form of treatment would have been recommended if [Plaintiff's] condition had been more serious." ECF No. 11 at 5. However, evidence of "conservative treatment" is sufficient to discount a claimant's testimony regarding the severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

The Court concludes that the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's symptom claims.

**B. Medical Opinions**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 19

1    F.3d 821, 830-31 (9th Cir. 1995)).  "However, the ALJ need not accept the opinion of

2    any physician, including a treating physician, if that opinion is brief, conclusory and

3    inadequately supported by clinical findings."  *Bray,* 554 F.3d at 1228 (quotation and

4    citation omitted).

5        The opinion of an acceptable medical source such as a physician or

6    psychologist is generally given more weight than that of an "other source."  *See* SSR

7    06-03p (Aug. 9, 2006), *available at* 2006 WL 2329939 at *2; 20 C.F.R. § 416.927(a).

8    "Other sources" include nurse practitioners, physician assistants, therapists, teachers,

9    social workers, and other non-medical sources.  20 C.F.R. §§ 404.1513(d),

10   416.913(d).  The ALJ need only provide "germane reasons" for disregarding an

11   "other source" opinion.  *Molina*, 674 F.3d at 1111.  However, the ALJ is required to

12   "consider observations by nonmedical sources as to how an impairment affects a

13   claimant's ability to work."  *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987).

14       Plaintiff argues the ALJ erroneously considered the opinions of treating

15   physician Shilpa Muddasani, M.D. and chiropractor Kenneth Briggs, D.C.  ECF No.

16   9 at 17-21.

17           1.  *Shilpa Muddasani, M.D.*.

18       In September 2017, treating physician Dr. Muddasani opined that work on a

19   regular and continuous basis would cause Plaintiff's condition to deteriorate "if

20   patient does not take precautions to protect her back"; it is more probable than not

21   that Plaintiff would miss four or more days per month of work if she attempted to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 20

1  work a 40-hour per week schedule; she is limited to frequent handling with right and

2  left upper extremities, and she is limited to occasional reaching with right and left

3  upper extremities.  Tr. 795-96.  Dr. Muddasani opined that Plaintiff was able to

4  perform sedentary work on a sustained, competitive basis.  Tr. 796.  The ALJ gave

5  Dr. Muddasani's opinion little weight because

6      Dr. Muddasani did not provide a completed evaluation with objective
       findings consistent with such limitations.  Nor do Dr. Muddasani's
7      treatment notes contain objective evidence consistent with the opinion.
       To the contrary, the notes from Dr. Muddasani reflect a largely
8      unremarkable presentation.  Dr. Muddasani's opinion is also not
       consistent with most other records, which document regularly normal
9      physical examinations, improvement with conservative treatment, as
       [discussed earlier in the decision].

10 Tr. 28.  Plaintiff generally argues that this finding was not supported by substantial

11 evidence because "Dr. Muddasani identified the objective findings upon which she

12 based her opinion," and the "medical records from her clinic, as well as the records

13 of specialists to whom she referred [Plaintiff] support her conclusion."  ECF No. 9 at

14 19.

15      Relevant factors to evaluating any medical opinion include the amount of

16 relevant evidence that supports the opinion, the quality of the explanation provided

17 in the opinion, and the consistency of the medical opinion with the record as a

18 whole.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn*, 495 F.3d

19 at 631.  Moreover, an ALJ may discount an opinion that is conclusory, brief, and

20 unsupported by the record as a whole, or by objective medical findings.  *Batson v.*

21

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 21

1    *Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).  Here, Dr.

2    Muddasani noted clinical findings of "sensory deficits" in Plaintiff's right lower

3    extremity, and x-rays showing degenerative disc disease of the cervical and lumbar

4    spine; however, as noted by Defendant "[i]t is not clear what objective 'sensory

5    deficit' findings Dr. Muddasani was referring to and her vague descriptions and

6    reference to an x-ray and degenerative diagnosis do not explain or support the severe

7    limitations that Dr. Muddasani assessed."  ECF No. 10 at 13.  Moreover, it is proper

8    for an ALJ to reject a medical opinion if it is inconsistent with the provider's own

9    treatment notes.  *See Tommasetti*, 533 F.3d at 1041.  As noted by the ALJ, the notes

10   from Dr. Muddasani reflect a "largely unremarkable presentation," and are

11   unaccompanied by objective evidence consistent with the severity of her opinion.

12   Tr. 28 (citing Tr. 451-52, 559, 562, 740-41, 751-52).  Finally, the consistency of a

13   medical opinion with the record as a whole is a relevant factor in the ALJ's

14   evaluation of a medical opinion.  *Orn*, 495 F.3d at 631.  Here, the ALJ properly

15   found that Dr. Muddasani's opinion is not consistent with "most other records,

16   which document regularly normal physical examinations," including, despite

17   Plaintiff's argument to the contrary, physical examination findings and notes from

18   other providers within Dr. Muddasani's clinic that Plaintiff was not experiencing

19   back pain or numbness and tingling in her legs, and had normal range of motion and

20   normal sensation in her lower extremities.  Tr. 28, 556, 706-07, 747, 801.

21

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 22

1    Based on the foregoing, and regardless of evidence in the overall record that

2  could be considered more favorable to Plaintiff, it was reasonable for the ALJ to

3  reject Dr. Muddasani's opinion because it was unsupported by objective findings,

4  inconsistent with her own treatment notes, and inconsistent with the record as a

5  whole. *See Burch*, 400 F.3d at 679.  The Court finds the ALJ offered specific and

6  legitimate reasons, supported by substantial evidence, to discount Dr. Muddasani's

7  opinion.

8        *2.  Kenneth Briggs, D.C*.

9    In October 2017, treating chiropractor Dr. Briggs opined that work on a

10  regular and continuous basis would cause Plaintiff's condition to deteriorate

11  "depending on the work she is required to do"; Plaintiff would miss three days per

12  month of work if she attempted to work a 40-hour per week schedule "depend[ing]

13  on the type of work she was asked to do"; and she has no manipulative limitations

14  involving her upper extremities.  Tr. 797-98.  Dr. Briggs opined that Plaintiff was

15  able to perform sedentary work on a sustained, competitive basis.  Tr. 798.  The ALJ

16  gave little weight to Dr. Briggs' opinion because

17        Dr. Briggs does not appear to have a treating relationship with
         [Plaintiff] because the record contains no treatment notes from Dr.
18        Briggs.  Moreover, he did not provide a completed evaluation with
         objective findings consistent with his opinion.  And his opinion is
19        inconsistent with the longitudinal objective evidence, [as cited
         elsewhere in the decision].
20

21  Tr. 28.  As an initial matter, while the ALJ may consider the length and nature of a

treatment relationship in evaluating a medical opinion, the ALJ may not discredit a medical opinion solely because the provider was not a treating source.  *See* 20 C.F.R. §§ 404.1527(c), 416.927(c).  However, as above, an ALJ may discount an opinion that is conclusory, brief, and unsupported by the record as a whole, or by objective medical findings.  *Batson*, 359 F.3d. at 1195; see also *Orn*, 495 F.3d at 631 (the consistency of a medical opinion with the record as a whole is a relevant factor in the ALJ's evaluation of a medical opinion).

Here, Plaintiff contends that Dr. Briggs' opinion was properly supported because it includes a list of "clinical findings" that includes abnormal lumbar range of motion, tenderness, spasms, "palpable fixations of L3-5, SI and both sacroiliac joints," and positive "orthopedic tests." [3] ECF No. 11 (citing Tr. 797).  However, as

---

[3] Plaintiff also argues that "[i]f the ALJ felt [Dr. Briggs'] treatment notes were necessary, he should have taken steps to obtain them. . . . Rather than proceeding as a 'mere umpire' at the administrative hearing, the ALJ has an independent duty to fully develop the record."  ECF No. 9 at 21.  An ALJ's duty to develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."  *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).  However, as noted by Defendant, it is Plaintiff's burden to prove disability; and this burden cannot be shifted to the ALJ simply by virtue of the ALJ's duty to develop the record.  ECF No. 10 at 17-19;

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 24

noted by Defendant "the fact that a chiropractor refers to positive tests on an opinion without providing any actual examination findings does not equate to objective evidence supporting" the assessment of severe limitations. ECF No. 10 at 15. Relevant factors to evaluating any medical opinion include the amount of relevant evidence that supports the opinion, the quality of the explanation provided in the opinion, and the consistency of the medical opinion with the record as a whole. *Lingenfelter*, 504 F.3d at 1042; *Orn*, 495 F.3d at 631. Here, as noted in the ALJ's decision, and discussed in detail above, the longitudinal record contains regularly normal physical examination findings, including normal range of motion of the spine; normal upper and lower extremity findings; minimal tenderness with direct palpation of the lumbar spine; benign imaging in 2015; normal straight leg testing results; normal strength and tone; no instability, subluxation or laxity; and normal gait. Tr. 24-25 (citing Tr. 366, 445-46, 494, 496, 500, 506, 550-51, 575, 609, 627, 630, 655, 673, 676, 686, 714, 721, 745, 748, 763, 801).

Thus, the Court finds it was reasonable for the ALJ to reject the severe limitations assessed by Dr. Briggs because they were not supported by specific objective medical tests or clinical findings, whether conducted by Dr. Briggs

---

*see Mayes*, 276 F.3d at 459-60. The ALJ did not find, and the Court is unable to discern, any inadequacy or ambiguity that did not allow for proper evaluation of the record as a whole. *Bayliss*, 427 F.3d at 1217.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 25

himself or found in the longitudinal medical record.  *See Burch*, 400 F.3d at 679.
These were germane reasons to discount Dr. Briggs' opinion.

Based on the foregoing, the Court finds no error in the ALJ's consideration of
the medical opinion evidence.

## CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the
ALJ's.  *Tackett*, 180 F.3d at 1098.  To the contrary, a reviewing court must defer to
an ALJ's assessment as long as it is supported by substantial evidence.  42 U.S.C. §
405(g).  As discussed in detail above, the ALJ provided clear and convincing
reasons to discount Plaintiff's symptom claims and properly considered the medical
opinion evidence.  After review the court finds the ALJ's decision is supported by
substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 9**, is **DENIED**.

2.  Defendant's Motion for Summary Judgment, **ECF No. 10**, is
    **GRANTED**.

The District Court Executive is hereby directed to enter this Order and
provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE**
the file.

**DATED** June 22, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 26